Nash, C. J.
 

 Li his charge to the jury, by the presiding Judge, the law upon the homicide in question was correctly stated. If the prisoner had caught the deceased in the act of adultery with his wife, and had slain him on the spot, the crime would have been extenuated to manslaughter, the provocation being considered in law a legal one, as producing that
 
 brevis
 
 fv/ror, which, for the moment, unsettles reason. But if the adulterer is not slain on the spot, and sufficient time has elapsed for the passions to cool, the crime is not extenuated to manslaughter, but the slayer is guilty of murder. Such has been the law from the time of Lord Hale. See his Pleas of the Crown, page 486. Justice Poster, in his crown law, page 296, after speaking .of killing the adulterer on the spot, uses this language : “had he killed the adulterer
 
 deliberately
 
 on
 
 revmge
 
 after the fact, and sufficient cooling time, it had been undoubtedly murder.” Justice Blackstone, 4 vol. Com. 192, states the same principle, and it is affirmed by this Court in
 
 State
 
 v. John, 8 Ire. Rep. 330.
 

 Here, the prisoner did not find the deceased in the act of adultery. The case states that he was in the habit of adulterous intercourse with the prisoner’s wife, and we are to understand that the prisoner knew or believed it. There is, then, nothing in law to extenuate the offence to manslaughter. The crime was committed deliberately, and from revenge. The prisoner, the deceased, the wife of the prisoner, his mother and sister, wore all at a neighbor’s house, which was divided into two rooms without any door betw'een them. The prisoner sat in one, the other parties in the other. Between the
 
 *77
 
 hours of ten and eleven o’clock, the party broke np to return to the prisoner’s house. As they passed the outer door of the room in which he sat, no notice was taken of him, except by the deceased; no invitation given him to accompany thorn. These were circumstances well calculated to rouse his passions, and particularly that of revenge, but they did not amount to a legal provocation. The prisoner armed himself with a deadly weapon, pursued them, and gave the deceased a blow upon the head, which felled him to the ground, and then with tire same instrument struck him two more mortal blows. This was murder; for, as Justice Foster remarks, “ let it be observed that every possible case of homicide upon the principle of revenge, is murder.”
 

 We have looked carefully through the record, and find that it is correct.
 

 Per Curiam.
 

 Judgment affirmed.